IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERARD TRAVERS<br>558 W. High St.<br>Phoenixville, PA 19460<br><br>                          *Plaintiff*<br>-vs.-<br><br>FEDERAL EXPRESS CORPORATION<br>942 S. Shady Grove Rd.<br>Memphis, TN 38120<br><br>                          *Defendant* | Civil Action No. _____<br><br>**MOTION TO COMPEL<br>COMPLIANCE WITH SUBPOENA** |

       The plaintiff in *Gerard Travers v. Federal Express Corporation,* 2:19-cv-06106-MAK (E.D. Pa.), brings this motion against the United States Department of Defense to compel compliance with a subpoena duces tecum issued under Federal Rule of Civil Procedure 45. Mr. Travers is an employee of Defendant Federal Express Corporation ("FedEx") and previously served in both the United States Navy and the United States Navy Reserve. His lawsuit claims that FedEx violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") by failing to provide paid leave when he took military leave to perform short-term military service as part of his duty as a reservist—despite providing paid leave to employees who took other, comparable forms of leave. *See* 38 U.S.C. § 4316(b); *Travers v. Fed. Express Corp.*, 8 F.4th 198, 199 (3d Cir. 2021) (reversing dismissal of Mr. Travers' claim).

       FedEx claims it lacks any documentation of Mr. Travers' short-term military leave, but also that any amount of pay owed for military leave (i.e. his damages) must be offset by his earnings from the military. As a result, Mr. Travers subpoenaed the Department of Defense to obtain records of both the precise dates on which he performed military service and the amounts

1

he was paid for those dates of military service. On Friday, February 25, 2022 the Department produced documents, but the documents that they produced were not responsive to Mr. Travers' requests.

As a result of the Department's failure to produce documents responsive to the subpoena (or submit any objections), Mr. Travers moves this Court to compel compliance with the subpoena. Because Mr. Travers's opposition to FedEx's motion for summary judgment is due March 15, 2022, he further requests that the Court set a compliance date of March 11, 2022. In the alternative, Plaintiff respectfully requests that the Court promptly transfer this motion to the United States District Court for the Eastern District of Pennsylvania.

## BACKGROUND

In response to Mr. Travers' complaint, FedEx asserted two defenses that prompted the subpoena at issue here. *See* Downes Decl. Ex. A, Ex. B. First, in its laches defense, FedEx claims that it suffered evidentiary prejudice because it has no record of Mr. Travers' short-term military leave. Downes Decl. Ex. B at 26. Second, FedEx asserts that Mr. Travers' damages must be offset by whatever compensation he received from the Navy. *Id.* at 27. Because Mr. Travers' does not possess records of this information himself, he sought to obtain that information through an informal request. After receiving no response, he sought to issue a subpoena to the Department of Defense to obtain documentation of his dates of service and compensation.

Under federal law, a subpoena can only issue to the Department of Defense for this information with court approval. 5 U.S.C. § 552a(b)(11); 32 C.F.R. § 516.46(b)(1). Mr. Travers filed a motion, which FedEx did not oppose, asking the district court presiding over his claim for permission to serve the subpoena at issue in this motion. Downes Decl. Ex. C. The district court found good cause to issue the subpoena and granted the motion. Downes Decl. Ex. D.

The Clerk of Court for the United States District Court for the Eastern District of Pennsylvania issued the subpoena on Friday, January 7, 2022, with a return date of January 14, 2022. Downes Decl. ¶ 2. Mr. Travers served the subpoena on Monday, January 10, 2022. Downes Decl. Ex. E. The subpoena included two requests for documents. The first sought electronic data sufficient to show "the begin date and end date for each period of military duty performed by Plaintiff Gerard Travers." Downes Decl. Ex. F at Ex. A 1-2. To make sure the request was clear, it provided an example of what was sought: "By way of example, if a reservist attended two-day drills the first weekend of every month in 2019, the response should identify Jan. 5-6, 2019, Feb. 2-3, 2019, March 2-3, 2019, etc." *Id.* The second request sought electronic data sufficient to show "the amount of compensation paid by the military for that period of military duty" for any period identified in response to the first request. *Id.*

The Department did not respond by the return date. Because the district court phased discovery in this case to address FedEx's laches defense first and set a discovery deadline for that issue of February 14, 2022, Downes Decl. Ex. G and Ex. H, counsel for Mr. Travers contacted the Department of Defense to determine when it would produce responsive records. The Department responded that it would not be able to produce records by the February 14 discovery deadline but committed to producing records soon thereafter (and stated it expected to do so within a week). Downes Dec. at ¶ 3. Based on that representation and to preserve his rights, Mr. Travers sought and obtained a limited extension of the February 14 deadline in order to file a motion to compel to February 28, 2022. Downes Decl. Ex. I.

On February 25, 2022, the Department produced records via email, but they were not responsive to the subpoena. Rather than provide records sufficient to show Mr. Travers' specific dates of service and his compensation, the Department provided records that contained the total

3

number of days he served and other records that are not responsive to the subpoena, such as Mr. Travers' enlistment forms and performance evaluations. Downes Decl. at ¶ 4.

After promptly reviewing these documents, counsel for Mr. Travers contacted counsel for the Department the same day, February 25, 2022, to ask that it supplement its production by Plaintiff's February 28, 2022, deadline to move to compel. Downes Decl. at ¶ 5. Counsel for the Department explained that was unlikely to be a feasible date for supplementation and that it would need additional time to identify any potentially responsive documents. *Id*.

## ARGUMENT

The Federal Rules of Civil Procedure permit the party serving a subpoena to move to compel when the recipient fails to comply. Fed. R. Civ. P. 37, 45(d)(2)(B)(i). In this case, the Department has not objected to the requests in the subpoena. Downes Decl. at ¶ 6. The district court presiding over the case already has determined that there was good cause for it to issue the subpoena. Downes Decl. Ex. B. The Department has simply failed to produce responsive documents.

The discovery sought is relevant and proportional. Plaintiff seeks only the Department's records of dates of his military duty and his pay for those dates of military duty. Downes Decl. Ex. F at Ex. A 1-2. This limited discovery is relevant to two of the defenses raised by Defendant in this action—laches and offset. And responding will not impose an undue burden on the Department. The subpoena was clear about what was needed and, as described above, included an example of the information sought to avoid any doubt. The Department has also had sufficient time to comply, as the original return date was January 14, 2022, over six weeks ago.

Finally, the Court should set a compliance date of March 11, 2022. That will provide adequate time for counsel to review the documentation and, if necessary, engage in additional discussions with the Department about any new deficiencies.

Alternatively, the Court should promptly transfer this motion to the Eastern District of Pennsylvania, which is "in a better position to rule on the motion due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Honeywell Int'l Inc. v. L. Offs. of Peter T. Nicholl*, No. MC 21-151(CKK), 2022 WL 43494, at *2 (D.D.C. Jan. 5, 2022) (transferring subpoena to forum of underlying action) (quoting *In re Disposable Contact Lens Antitrust Litig.*, 306 F.Supp.3d 372, 375 (D.D.C. 2017) (insertion in original). Courts of this District consider three issues in deciding whether to transfer subpoena enforcement motions: "(1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel." *Honeywell*, 2022 WL 43494, at *3. All three factors support transfer here.

First, the court has placed this case on a time-sensitive discovery schedule, and the discovery is sought in connection with a motion for summary judgment that is to be filed tomorrow, March 1, 2022. Downes Decl. Exs. G, H. Declining to transfer would risk disrupting the scheduling order in the underlying case. Courts of this district transfer cases that present such a risk. *Honeywell*, 2022 WL 43494, at *3; *Duck v. SEC*, 317 F.R.D. 321, 325 (D.D.C. 2016) (transfer "is appropriate where [it] would avoid interference with a time-sensitive discovery schedule issued in the underlying action"); *Google, Inc. v. Digital Citizens Alliance*, Misc. Action No. 15-0707 JEB/DAR, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (transfer was

5

appropriate where "not transferring the subpoena-related motions carrie[d] with it the potential of interfering with the discovery timeline of the underlying litigation"). Second, the Department of Defense will suffer no additional burden or cost to file its opposition to this motion in the Eastern District of Pennsylvania as opposed to the District of Columbia. Third, other considerations weigh in favor of transfer, because the subpoena in this case was issued by the Court on a finding of good cause rather than by Plaintiff's counsel. Downes Decl. Ex. D at 1. This creates a risk of conflicting rulings on the relevance and proportionality of the discovery sought, should this Court disagree. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (holding that the "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes"). Because the District Court in the Eastern District of Pennsylvania issued the subpoena, it is better positioned to resolve this dispute "in light of its history and familiarity with the parties and the issues underlying the subpoena dispute." *Honeywell*, 2022 WL 43494, at *4.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to compel or, alternatively, transfer this motion to the United States District Court for the Eastern District of Pennsylvania.

Dated: February 28, 2022 Respectfully submitted,

/s/ Colin M. Downes
R. Joseph Barton (DC Bar No. 476510)
Colin M. Downes (DC Bar No. 1048761)
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockleviton.com
colin@blockleviton.com

Peter Romer-Friedman (DC Bar No. 993376)
Robert D. Friedman (DC Bar No. 1046738
GUPTA WESSLER PLLC
2001 K Street NW, Suite 850
Washington, D.C. 20006
Telephone: (202) 888-1741
Email: peter@guptawessler.com

*Attorneys for Plaintiff*

## RULE 37(a)(1) CERTIFICATE

I certify that I met and conferred in good faith with counsel for the United States Department of Defense in an effort to obtain the discovery sought by this motion without court action on February 25, 2022.

/s/ Colin M. Downes
Colin M. Downes
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
colin@blockleviton.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2022, a copy of the foregoing Motion to Compel was served on counsel for FedEx via email pursuant to an agreement of electronic service between the parties.

/s/ Colin M. Downes
Colin M. Downes
BLOCK & LEVITON LLP
1633 Connecticut NW, Suite 200
Washington DC 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
colin@blockleviton.com